**Dennis W. RICHARDS, Appellant,**

v.

**The COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

**No. 01–01–00234–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 11, 2002.

Wayne H. Paris, Gillis, Paris & Hein-rich, P.L.L.C., Houston, for Appellant.

Linda A. Acevedo, Assistant Disciplinary Counsel, State Bar of Texas, Austin, for Appellee.

Panel consists of Justices NUCHIA, RADACK, and PRICE.*

## OPINION

FRANK C. PRICE, Justice (Assigned).

Appellant, Dennis W. Richards, filed a bill of review seeking to set aside a prior disciplinary judgment. The trial court granted the motion for summary judgment filed by appellee, the Commission for Law-yer Discipline (the Commission). Rich-ards appeals, asserting that the trial court did not have subject matter jurisdiction over the cause. Alternately, he contends the trial court erred when it denied his motion for a continuance. We vacate the

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

judgment and dismiss the cause for want of jurisdiction.

## Background

On February 6, 1996, the Commission obtained a disciplinary judgment against Richards in an action tried before the Honorable Mark Tolle presiding over the 280th District Court in Harris County. On March 28, 2000, Richards filed a petition for bill of review seeking to set aside the prior judgment.[1] Richards styled his petition to reflect the original cause number (95–029195) from the 280th District Court, but the district clerk filed the case with a new cause number (2000–15663) in the 165th District Court. Richards then filed an amended petition for bill of review reflecting the new cause number and the assignment to 165th District Court. Treating the bill of review as though it was an original disciplinary petition, the supreme court appointed an active district judge from outside the administrative judicial region, the Honorable Joseph P. Kelly, to preside over the case. *See* TEX.R. DISC. P. 3.02, *reprinted in* TEX. GOV'T CODE ANN., tit. 2 subtit. G app. A–1 (Vernon 1998). The Commission eventually moved for summary judgment, and the motion was granted by the court.

## Jurisdiction of the Court

The jurisdictional dispute can be summarized in this manner—both parties agree that the only court with jurisdiction to hear this bill of review action is the 280th District Court, but they disagree on whether the matter was actually brought before that court. In other words, the parties cannot agree what court granted the summary judgment.

A bill of review is an independent action brought to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 926–27 (Tex.1999). A bill of review is a direct attack on a judgment. *Solomon, Lambert, Roth & Assoc., Inc. v. Kidd,* 904 S.W.2d 896, 899 (Tex.App.-Houston [1st Dist.] 1995, no writ). Because a bill of review is a direct attack on a judgment, only the court rendering the original judgment has jurisdiction over the proceeding. *Id.* at 900. The requirement that a bill of review be filed in the same court that rendered the judgment under attack is a matter of jurisdiction, not merely a matter of venue. *Id.* Thus, the 280th District Court, where the original disciplinary cause was decided, was the only court with subject matter jurisdiction over the bill of review action. On this, both parties agree.

Neither party contested the jurisdiction of the trial court below, but a challenge to the subject matter jurisdiction may be raised on appeal even if it was not raised in the trial court. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 445 (Tex.1993); *Kidd,* 904 S.W.2d at 901. Therefore, we must address Richard's claim that, because the final judgment states that it was issued by the 165th District Court, the trial court did not have subject matter jurisdiction over the matter. If a court other than the 280th District Court rendered this judgment, it was without subject matter jurisdiction to do so, and we must vacate the judgment and dismiss the cause for want of jurisdiction. *See Kidd,* 904 S.W.2d at 901–902.

The final judgment at issue, signed on December 28, 2000, states, on its face, that it is the product of the 165th District

---

1. The bill of review alleged fraud. Richards asserted the chief witness against him had lied while testifying in the prior action. His petition was accompanied by what purported to be a signed statement from the witness recanting her testimony.

Court. All of the pleadings filed by both parties after the filing of Richard's amended petition were styled for the 165th District Court.[2] Further, the supreme court's order, dated August 9, 2000, appointing Judge Kelly to preside over the matter refers to the 165th District Court. Finally, the clerk's record and reporter's record before us on appeal indicate that they have come from the 165th District Court.

However, the Commission argues that the cause was actually heard before the 280th District Court. As support for this theory, the Commission points to an April 20, 2001, computer printout from the "Justice Information Management System" that is included in the clerk's record and is identified in its index as a "Court Activity Inquiry Screen." This printout appears to indicate that on April 3, 2000, the case was transferred to the 280th District Court and that all subsequent actions, including the final judgment, were made in the 280th District Court. The Commission also points to the handwritten *280* on a November 23, 2000 filing by Richards as proof that the cause was actually heard in the 280th District Court.

The Commission argues that we should infer that the trial court found it had jurisdiction, and affirm the judgment because there was some evidence to support this finding. We acknowledge that the San Antonio Court of Appeals adopted this logic under similar circumstances in *In re Nat'l Unity Ins. Co.*, 963 S.W.2d 876, 878 (Tex.App.-San Antonio 1998, no pet.). However, we disagree with the approach taken in that case.

 It is true that, in the absence of findings of fact and conclusions of law, it is implied that the trial court made all neces-

sary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83–84 (Tex.1992); *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988) (per curiam). However, an appeals court does not apply the same level of deference to a court's implicit finding on jurisdiction as it does to findings of fact. This is because whether a trial court has subject matter jurisdiction is a legal question reviewed under the de novo standard. *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 308 (Tex.App.-Houston [1st Dist.] 2001, pet. filed); *TRST Corpus, Inc. v. Fin. Ctr., Inc.*, 9 S.W.3d 316, 320 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); *Reynosa v. Univ. of Texas Health Sci. Ctr. at San Antonio*, 57 S.W.3d 442, 444 (Tex.App.-San Antonio 2001, pet. denied); *see Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

As we review the question of subject matter jurisdiction in this case, our decision turns on whether Judge Kelly was sitting in the 165th District Court or the 280th District Court. The record clearly reflects that the final judgment came from the 165th District Court. The record contains neither a motion requesting a transfer nor an order transferring the case to the 280th District Court, and nothing suggests that the *165* on the judgment was a typographical error. While the "Court Activity Inquiry Screen" may demonstrate that there was some confusion present in the court clerk's office, this printout, from what we presume to be the court's administrative computer program, will not trump the clear declaration on the face of the final judgment that it came from the 165th District Court. As stated above, the 165th

---

2. We do note, however, that Richard's "Response to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Continu-

ance" filed on November 23, 2000, has *165* manually crossed out and replaced by an unknown hand with *280*.

District Court was without subject matter jurisdiction to hear the bill of review.

We vacate the judgment and dismiss the cause for want of jurisdiction.