Opinion issued February 15, 2007






 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00491-CV






LARRY DALE SMITH, Appellant (1)






On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 22,926






MEMORANDUM OPINION

 Appellant, Larry Dale Smith, appeals an order dismissing his lawsuit for failure
to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002). In his second issue,
Smith contends that the trial court erred by dismissing this current lawsuit because
the provisions of Chapter 14 of the Texas Civil Practice and Remedies Code
concerning inmate litigation do not apply to this lawsuit, in which Smith seeks a bill
of review to challenge the dismissal of an earlier lawsuit. In his first, third, and fourth
issues, Smith challenges the propriety of the trial court's dismissal of the first 
lawsuit. We conclude that the trial court lacked jurisdiction over this case. We
therefore vacate the trial court's order and dismiss this cause. Background

 Smith was an inmate at the Texas Department of Criminal Justice's Ellis unit
in Huntsville. In May 2004, Smith filed a lawsuit, cause number 22,656, in the 278th
District Court of Walker County. The suit was against Ellis unit officials seeking
damages and injunctive relief. (2) In July 2004, the 278th District Court dismissed
Smith's suit as frivolous and for failing to comply with Chapter 14 of the Texas Civil
Practice and Remedies Code. In December 2004, Smith filed the instant lawsuit,
cause number 22,926, a petition for a bill of review, attacking the judgment in cause
number 22,656. This lawsuit was filed in Walker County and assigned to the 12th
District Court. 

 The 12th District Court requested the Attorney General file an amicus curiae
advisory with the court regarding whether Smith had complied with the requirements
of Chapter 14 of the Texas Civil Practice and Remedies Code. The Attorney
General's advisory stated that Smith had failed to comply with section 14.005 of the
Civil Practice and Remedies Code. (3) The 12th District Court dismissed this suit before
any defendant was served or answered. The court stated in the order that Smith's suit
was being dismissed "for failure to comply with the statutory requirements of Chapter
14 of the Texas Civil Practice and Remedies Code." Smith appealed. No defendant
ever answered this suit; thus, this Court did not receive an appellee's brief in this
cause. 

 Jurisdiction

 Lack of subject-matter jurisdiction is fundamental error that this Court may
properly raise sua sponte. Saudi v. Brieven, 176 S.W.3d 108, 113 (Tex.
App.--Houston [1st Dist.] 2004, no pet.) (citing Tourneau Houston, Inc. v. Harris
County Appraisal Dist., 24 S.W.3d 907, 910 (Tex. App.--Houston [1st Dist.] 2000,
no pet.)). A court's lack of jurisdiction over the subject matter renders a judgment
void and requires dismissal of the cause. State ex rel. Latty v. Owens, 907 S.W.2d
484, 485-86 (Tex. 1995); Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
446 (Tex. 1993); Saudi, 176 S.W.3d at 113.

 "A bill of review is an independent legal proceeding brought to set aside a
judgment that is no longer appealable." Richards v. Comm'n for Lawyer Discipline,
81 S.W.3d 506, 507 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (citing Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999)). A bill of review is a direct
attack on a judgment, and as such, only the court that rendered the original judgment
has jurisdiction over a bill of review. Id. 

 Here, Smith's original lawsuit, number 22,656, was filed in and dismissed by
the 278th District Court. The current lawsuit, number 22,926, was filed in and
dismissed by the 12th District Court. However, the only court that had jurisdiction
over Smith's bill of review is the court that rendered the judgment attacked by the bill
of review--in this case, the 278th District Court. See id. Because the 12th District
Court lacked jurisdiction over Smith's bill of review attacking a judgment from a
different court, its order is void and the cause should have been dismissed for lack of
jurisdiction. See Owens, 907 S.W.2d at 485-86; Tex. Ass'n of Bus., 852 S.W.2d at
446; Saudi, 176 S.W.3d at 113. Accordingly, we vacate the order of the 12th District
Court and dismiss this cause. 

Conclusion

 We vacate the trial court's order and dismiss this cause.

 

 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.
1. This suit was dismissed before any defendant was served or answered. Therefore,
there are no appellees. 
2. The record before us does not contain the pleadings from cause number 22,656. This
information is taken from Smith's petition in the instant case and the declaration of
previous filings, which he filed with his petition in this case.
3. Section 14.005, entitled "Grievance System Decision; Exhaustion of Administrative
Remedies," provides


 (a) An inmate who files a claim that is subject to the grievance system
established under Section 501.008, Government Code, shall file with
the court:


 (1) an affidavit or unsworn declaration stating the date that the
grievance was filed and the date the written decision described
by Section 501.008(d), Government Code, was received by the
inmate; and


 (2) a copy of the written decision from the grievance system.


 (b) A court shall dismiss a claim if the inmate fails to file the claim before
the 31st day after the date the inmate receives the written decision from
the grievance system.


 (c) If a claim is filed before the grievance system procedure is complete,
the court shall stay the proceeding with respect to the claim for a period
not to exceed 180 days to permit completion of the grievance system
procedure.


 Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon 2002).