

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00108-CV
_____

## IN THE INTEREST OF T.W.C., A MINOR CHILD

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 95-0276

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Over thirteen years has passed since Wendell N. Warner was found to be the father of, and was ordered to pay child support for, T.W.C. Since that original order, no less than three bills of review[1] and two enforcement actions have been filed, ultimately culminating in a July 31, 2008, judgment against Warner for $42,818.99 in past due child support. Warner appeals that judgment, citing the result of the first bill of review—which set aside the original child support order—but ignoring the result of the third bill of review—which reinstated the original child support order. We affirm the 2008 judgment, because the ultimate effect of the legal maneuvering is the reinstatement of the original child support order.

First, we set out the detailed legal history, then we discuss the legal effect.

The original order of paternity and child support was signed January 17, 1996.[2] Approximately ten months later, Warner filed a petition for bill of review (the "first bill of review") challenging the order. On April 21, 1997, the trial court signed a default judgment vacating the original order.

---

[1]"A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment no longer appealable or subject to motion for new trial." *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex. 1989). A bill of review must be filed in the court that rendered the judgment. *Richards v. Comm'n for Lawyer Discipline*, 81 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2002, no pet.). When a trial court has jurisdiction to render the judgment complained of, a bill of review proceeding is the exclusive method of vacating the judgment. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

[2]Throughout this opinion, our reference to the "original order" refers to this order.

On November 26, 1997, the Texas Attorney General filed a bill of review (the "second bill of review"), also under cause number 96-1042, alleging Warner had failed to properly serve the first bill of review.[3] The record does not indicate whether Warner was served with a copy of this petition. The trial court granted the Texas Attorney General's Office a default judgment December 19, 1997. On February 13, 1998, the trial court referred the case to "the Master appointed pursuant to Texas Family Code Chapter 201, subchapter B" and ordered Warner to appear for a hearing March 6, 1998. The record does not reflect whether the hearing was held. On February 25, 1998, Warner filed an untimely motion for new trial alleging the second bill of review was an ex parte motion and had not been served on Warner. Based on the record before us, this motion is a nullity.[4] The record does not establish that the trial court granted sua sponte a new trial. The record contains an order, in cause number 96-1042, which dismissed the proceeding for want of prosecution July 17, 2000.

---

[3]In Texas, as a new independent cause of action, the bill of review should be assigned a different cause number than the judgment being attacked. *Amanda v. Montgomery*, 877 S.W.2d 482, 485 (Tex. App.—Houston [1st Dist.] 1994, no writ). The Attorney General's bill of review also was not verified.

[4]To be timely, a motion for new trial must be filed within thirty days after the judgment is signed. TEX. R. CIV. P. 329b(a). Thus, any motion for new trial should have been filed by January 18, 1998. The record does not contain any motion under Rule 306a. *See* TEX. R. CIV. P. 306a (extends deadlines for filing motion for new trial for up to ninety days after judgment is signed if party fails to receive clerk's notice of judgment or fails to acquire actual notice of judgment within twenty days of judgment). Although a trial court may grant a new trial under its inherent authority before the court loses plenary power, Rules 5 and 329b of the Texas Rules of Civil Procedure do not permit a trial court to enlarge the time for filing new trial motions. *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003) (untimely motion for new trial is nullity); *see* TEX. R. CIV. P. 5, 329b.

Based on the record before us, the order of dismissal appears to have no legal effect.[5] The default judgment rendered December 19, 1997, was not appealed or challenged.

On May 8, 1998, the Attorney General filed another bill of review (the "third bill of review"), in cause number 98-0469, alleging Warner failed to serve the Attorney General in the first bill of review.[6] Warner filed an answer alleging the Attorney General lacked standing to file the third bill of review and had failed to join T.W.C.'s mother, a necessary party, to the lawsuit. The trial court signed a judgment November 21, 2003, reinstating the original order. This judgment was not appealed or challenged.

On September 15, 2000, the Attorney General filed a motion for enforcement (the "first enforcement proceeding") against Warner under the original order. This enforcement action was filed while the third bill of review was still pending. Warner filed an answer asserting res judicata

---

[5]The proceeding does not indicate which of the two petitions with the same cause number was being dismissed. The Attorney General's Office argues this order dismissed the first bill of review filed by Warner. Yet, the trial court had lost plenary power over the first bill of review before the filing of the second bill of review. Because there is no record that a motion for new trial was filed, the trial court lost plenary power over the first bill of review thirty days after the judgment was signed. *See* TEX. R. CIV. P. 329b(d). Since dismissal was considerably more than thirty days after the first bill of review was signed, the trial court lacked plenary power to dismiss the first bill of review. *See* TEX. R. CIV. P. 329b(f). Nor is it possible this order dismissed for want of prosecution the second bill of review filed by the Attorney General. A bill of review is a separate proceeding, and the second bill of review should have been assigned a different cause number. The trial court, though, had also lost plenary power to modify the grant of the second bill of review filed by the Attorney General because the dismissal order was entered more than thirty days after the judgment granting the bill of review. *See id*.

[6]The third bill of review was also not verified.

as a defense. The Attorney General filed a notice of nonsuit on the same day Warner filed his answer.

On February 15, 2008, the Attorney General filed another enforcement proceeding (the "second enforcement proceeding") against Warner. The record does not contain an answer filed by Warner to the second enforcement proceeding, but does contain at least two motions for continuances filed by Warner's attorney. The trial court held a hearing July 31, 2008, at which Warner was represented by counsel. Warner filed a motion to dismiss the second enforcement proceeding for lack of jurisdiction on the same day as the hearing. In the motion to dismiss, Warner claimed the trial court lacked jurisdiction because the first bill of review vacated the original order. At the hearing, the trial court took judicial notice of the original order and admitted into evidence the pay record submitted by the Attorney General. On July 31, 2008, the trial court signed a judgment against Warner for $42,818.99 in past due child support.

Warner's issues on appeal collaterally attack[7] the second bill of review. Warner complains that the second bill of review was not verified and not brought as a separate proceeding and that the

---

[7]"A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). Generally, collateral attacks on final judgments are prohibited; only a void judgment may be collaterally attacked. *Id.* A void judgment is not susceptible to ratification or confirmation, and its nullity cannot be waived. *Easterline v. Bean*, 121 Tex. 327, 49 S.W.2d 427, 429 (1932); *In re Guardianship of Erickson*, 208 S.W.3d 737, 740 (Tex. App.—Texarkana 2006, no pet.). A judgment, though, is void only when the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Browning*, 165 S.W.3d at 346.

record fails to demonstrate that the Attorney General properly served citation on Warner in the second bill of review.[8]

Warner, though, has not challenged the third bill of review,[9] which was granted in 2003 and reinstated the original order. By reinstating the original order, the third bill of review vacates the first bill of review and renders irrelevant any arguments concerning the second bill of review. Warner filed an answer to the third bill of review.[10] As noted above, the third bill of review was not appealed and has not been vacated. It is not necessary for us to address Warner's complaints

---

[8]The Texas Supreme Court has held strict compliance with the rules for service of citation must affirmatively appear on the record. *Wachovia Bank of Delaware v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (restricted appeal). The Attorney General argues Warner's untimely motion for new trial constituted a general appearance. In the alternative, the Attorney General argues Warner cannot challenge the jurisdictional recitations in the judgment. The trial court found that "it has jurisdiction of the parties and the subject matter of this suit." The Attorney General also argues the filing of a bill of review in the same cause number as the suit being challenged is waivable error citing *Medeles v. Nunez*, 923 S.W.2d 659, 661 (Tex. App.—Houston [1st Dist.] 1996, writ denied), *overruled on other grounds*, *Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792-3 (Tex. App.—Houston [1st Dist.] 1999, no pet.). It is not necessary for us to decide these issues.

[9]The third bill of review is also not verified. A petition for a bill of review is required to be verified. *Galaznik v. Galaznik*, 685 S.W.2d 379, 382 (Tex. App.—San Antonio 1984, no writ). The failure to verify a bill of review, though, is not a jurisdictional error. Any pleading defect "either of form or of substance" must be "pointed out by exception in writing" and brought to the attention of the trial court or it is waived. TEX. R. CIV. P. 90; *cf. Aquila Sw. Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 233 (Tex. App.—San Antonio 2001, pet. denied). Any error concerning verification was waived.

[10]The filing of an answer normally waives any defect in the service of citation. TEX. R. CIV. P. 121; *see Baker v. Monsanto Co.*, 111 S.W.3d 158, 160 (Tex. 2003) (per curiam).

because, even if the second bill of review were ineffective for any reason, the third bill of review would still vacate the first bill of review and reinstate the original order. Therefore, the trial court had jurisdiction, based on the reinstated original order, to enter the judgment from which Warner appeals. For the reasons stated,[11] we affirm the judgment of the trial court.

                             Josh R. Morriss, III
                             Chief Justice

Date Submitted:     February 24, 2009
Date Decided:       March 5, 2009

---

[11]This opinion should not be interpreted as holding no errors are contained in the record. This opinion addresses only the errors the parties have assigned for our review.