COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                                                     |     |                                |
| --------------------------------------------------- | --- | ------------------------------ |
|                                                     | §   |                                |
|                                                     | §   | No. 08-11-00187-CV             |
|                                                     | §   | Appeal from the                |
| IN THE INTEREST OF J.J., J.J., and J.J., CHILDREN   | §   | 65th Judicial District Court   |
|                                                     | §   | of El Paso County, Texas       |
|                                                     | §   | (TC# 2009-5289)                |
|                                                     | §   |                                |

**O P I N I O N**

In this family law case, Jaime Juarez ("Juarez") filed a bill of review in a trial court other than the one that rendered the divorce decree he sought to set aside. The trial court denied the bill of review. However, Juarez does not appeal the trial court's order denying his bill of review; rather, despite never having filed the bill of review in the 65th District Court – the trial court that rendered the divorce decree he sought to set aside – he appeals the 65th District Court's order denying his motion for new trial. Concluding that the 65th District Court lacked jurisdiction to render the order denying the motion for new trial, we dismiss the appeal for want of jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying action, on August 14, 2000, Martha Juarez obtained a protective order from the 388th District Court requiring Juarez, among other obligations, to pay child support. Approximately three years later, on October 1, 2003, Martha Juarez filed for divorce in the 65th District Court. In its temporary orders issued on December 5, 2003, the 65th District Court

ordered Juarez to pay child support. However, Juarez failed to make the child support payments for which he was obligated under both the protective order and the temporary orders.[1] Accordingly, when the 65th District Court signed the final divorce decree on November 21, 2008, it incorporated an arrearage judgment against Juarez based on his failure to pay child support pursuant to these orders, and increased the amount of the arrearage judgment from $8,064 to $20,240.

On December 10, 2009, Juarez filed a bill of review seeking to set aside the divorce decree. The district clerk filed the bill of review in the 171st District Court, rather than in the 65th District Court – the trial court that rendered the divorce decree.[2] Although not contained in the record, the OAG asserts in its brief that the 171st District Court signed an order dated August 25, 2010 denying the bill of review.[3] On September 17, 2010, Juarez filed a motion to reconsider the denial of the bill of review, but did so in the 65th District Court, not in the 171st District Court – the trial court that denied the bill of review. Notwithstanding that there is nothing in the record indicating that Juarez ever filed a bill of review in the 65th District Court, the court signed an order dated January 4, 2011 denying the motion to reconsider and an order dated March 10, 2011 denying the bill of review. Thereafter, on April 6, 2011, Juarez filed a motion for new trial in the 65th District Court, which signed an order dated May 13, 2011, denying the motion. On May 27, 2011, Juarez

---

[1] In his brief, Juarez states that Martha Juarez testified at the final hearing that she only received from him one child support payment of $168.00. Although Juarez cites to the reporter's record of the hearing in support of this factual assertion, Juarez failed to file any reporter's record on appeal. Because the OAG does not contradict this, or any other factual assertion in Juarez's brief, we accept it as true. *See* TEX.R.APP.P. 38.1(g)("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

[2] On appeal, Juarez does not complain about the district clerk's action.

[3] Juarez does not discuss in his brief whether such an order exists, and he did not file a reply brief disputing its existence. Because Juarez does not contradict the OAG's assertion that the 171st District Court signed an order dated August 25, 2010 denying Juarez's bill of review, we accept it as true. *See* TEX.R.APP.P. 38.1(g); TEX.R.APP.P. 38.2(a)(1)(B)("An appellee's brief . . . need not include a . . . statement of facts, unless the appellee is dissatisfied with that portion of the appellant's brief . . . .").

filed his notice of appeal, seeking relief from the 65th District Court's order denying his motion for new trial.

## LACK OF JURISDICTION

In two issues, Juarez contends that the trial court lacked the jurisdiction to incorporate the arrearage judgment into its divorce decree not only because the arrearage judgment was based on a child support obligation contained in a protective order issued by a different court, but also because the protective order had long since expired. The OAG, on the other hand, argues that, notwithstanding Juarez's notice of appeal from the 65th District Court's order denying his motion for new trial, we lack jurisdiction because Juarez failed to file a timely notice of appeal from the 171st District Court's order denying his bill of review.

### *Standard of Review*

Initially, we must determine whether we have jurisdiction to consider this appeal. Because the question of jurisdiction is a legal question, we review the trial court's action under a *de novo* standard. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). If the trial court had no jurisdiction to render the judgment or order being appealed, we have no jurisdiction to consider an appeal of that judgment or order because our jurisdiction extends no further than that of the court from which the appeal is taken. *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 938 (Tex. 1958); *Nabejas v. Tex. Dep't of Pub. Safety*, 972 S.W.2d 875, 876 (Tex.App.--Corpus Christi 1998, no pet.), *overruled*, *in part*, *on other grounds by City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007).

### *Applicable Law*

### 1. A Live Pleading is Required to Invoke a Trial Court's Jurisdiction

A trial court is without jurisdiction to render a judgment or an order if no live pleading is pending urging a cause of action from which a judgment or order could be taken. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812-13 (Tex. 1983); *Couch Mortg. Co. v. Roberts*, 544 S.W.2d 944, 947 (Tex.Civ.App.--Houston [1st Dist.] 1976, writ dism'd). A purported judgment or order rendered in the absence of a pending live pleading is void. *Cunningham*, 660 S.W.2d. at 813; *Granado v. Madsen*, 729 S.W.2d 866, 870 (Tex.App.--Houston [14th Dist.] 1987, writ ref'd. n.r.e.); *Seber v. Glass*, 258 S.W.2d 122, 124 (Tex.Civ.App.--Fort Worth 1953, no writ). A void judgment is a nullity and, as such, has no binding force or effect, and thus may be attacked directly or collaterally. *City of Lufkin v. McVicker*, 510 S.W.2d 141, 144 (Tex.Civ.App.--Beaumont 1973, writ ref'd n.r.e.), *citing S. Sur. Co. v. Tex. Oil Clearing House*, 281 S.W.2d 1045, 1046 (Tex.Comm.App. 1926, jdgmt. adopted). An appeals court has no jurisdiction over a void judgment or order. *Nabejas*, 972 S.W.2d at 876.

## 2. A Motion to Reconsider is Not a Pleading and Thus Fails to Invoke a Trial Court's Jurisdiction

By definition, a pleading asserts a cause of action or denies the existence of one and demands judgment for relief. TEX.R.CIV.P. 45, 47. A pleading thus determines the issues to be tried. *Cunningham*, 660 S.W.2d at 812; *Erisman v. Thompson*, 140 Tex. 361, 167 S.W.2d 731, 733 (1943). Because pleadings relate to the issues to be tried, whether in support or opposition, they are distinguished "from papers not pleading[s], such as *motions . . . .*" *Brown v. Peters*, 127 Tex. 300, 303, 94 S.W.2d 129, 131 (Tex.Comm.App. 1936)[Emphasis added]. By definition, a motion to reconsider is a request for post-judgment relief. Its applicability is therefore predicated upon the existence of a judgment rendered by a court with jurisdiction over a cause of action that forms the basis of the judgment and to which the movant was a party. *See Benser v. Waterfall*

4

*Crossing Condo. Ass'n, Inc.*, No. 05-10-00255-CV, 2011 WL 1348637 at \*1-2 (Tex.App.--Dallas Apr. 11, 2011, no pet.)(mem. op.)(holding that appellant who filed only one document in the trial court, a motion to reconsider, could not use its denial as the basis to appeal the trial court's summary judgment order because he was not a party to the petition forming the basis of the order). Accordingly, a motion to reconsider is not a pleading or a valid substitute for one and is therefore insufficient to invoke a trial court's jurisdiction to render a judgment or an order from which an appeal can be taken. *See In re Marriage of Wolff*, 355 Ill.App.3d 403, 407, 822 N.E.2d 596, 602 (2005)(concluding that because a motion to reconsider a judgment is not a pleading asserting a cause of action, counterclaim, defense, or reply, but is rather an application to the court for a ruling or an order in a pending case, the petitioner could not dismiss a motion to reconsider judgment pursuant to the procedural vehicle permitting dismissal of pleadings).

### 3. A Bill of Review Must be Filed in the Court That Rendered the Judgment Sought to be Set Aside

A bill of review is a pleading seeking to set aside a judgment that is no longer appealable or subject to motion for new trial. TEX.R.CIV.P. 329b(f); *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). Although a bill of review directly attacks a judgment rendered in a particular case, it is nonetheless an independent, separate suit filed under a different cause number. *Tate v. 8301 Maryland, LLC*, No. 03-05-00376-CV, 2006 WL 2452714, \*2 (Tex.App.--Austin Aug. 25, 2006, pet. denied)(mem. op.); *Richards v. Comm'n for Lawyer Discipline*, 81 S.W.3d 506, 508 (Tex.App.--Houston [1st Dist.] 2002, no pet.). However, because of its nature as a direct attack on a judgment previously rendered by a specific court, a bill of review must be brought in that court, and only that court has jurisdiction over the bill. *Frost Nat. Bank*, 315 S.W.3d at 409; *Richards*, 81 S.W.3d at 508. Because a judgment under direct attack may only be corrected by

the court that rendered it, or by a higher court authorized to review the judgment on appeal or by writ of error, another court of equal jurisdiction has no power to correct the judgment. *Solomon, Lambert, Roth & Assoc., Inc. v. Kidd*, 904 S.W.2d 896, 899-900 (Tex.App.--Houston [1st Dist.] 1995, no writ).[4]

### 4. A Court That Did Not Render the Original Judgment Under Attack is Without Jurisdiction to Consider a Bill of Review Filed on its Docket

This is not to say that another court cannot consider a bill of review. Once jurisdiction has attached in the proper court, the bill of review may be transferred to another court, and the transferee court has the authority to determine the merits of the bill of review. *Outlaw v. Noland*, 506 S.W.2d 734, 735 (Tex.Civ.App.--Houston [1st Dist.] 1974, writ ref'd n.r.e.); *S. Tex. Dev. Co. v. Martwick*, 328 S.W.2d 230, 233 (Tex.Civ.App.--Waco 1959, writ ref'd n.r.e.). However, absent attachment of jurisdiction in the proper court and a valid transfer, a court that did not render the original judgment under attack is without subject matter jurisdiction to consider a bill of review filed on its docket. *Richards*, 81 S.W.3d at 508-09. If a court is without subject matter jurisdiction to consider a bill of review, we must vacate that court's judgment or order and dismiss the cause for want of jurisdiction. *Richards*, 81 S.W.3d at 508-09.

### *Discussion*

Here, as noted above, the court that rendered the divorce decree under attack was the 65th District Court. Therefore, the 65th District Court was the court with exclusive jurisdiction over

---

[4] If the judgment sought to be set aside is void, *i.e.*, one rendered by a court without jurisdiction, it is permissible to collaterally attack the judgment in another court of equal jurisdiction. *Kidd*, 904 S.W.2d at 900. However, all errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct, not collateral attack. *Id.* Here, the bases for Juarez's bill of review were that the underlying divorce decree was rendered as a result of fraud and that the arrearage amount was incorrect because it was not based on any evidence. Because these alleged errors are not jurisdictional in nature, they would render the judgment merely voidable, not void. *Id.* Therefore, filing the bill of review in the 171st District Court was an impermissible collateral attack on the judgment rendered by the 65th District Court, which the 171st District Court had no jurisdiction to consider.

any attack on its judgment by bill of review, and Juarez was required to have filed his bill of review in that court.   However, as noted above, Juarez filed the bill of review in the 171st District Court, and it was the 171st District Court, not the 65th District Court, that denied his bill of review.   The record does not indicate that Juarez ever filed his bill of review in the 65th District Court and does not contain either a motion requesting a transfer or an order transferring the bill of review from the 65th District Court to the 171st District Court.   Because the 171st District court was not the court that rendered the original judgment and the bill of review was not transferred to the 171st District Court from the 65th District Court, the 171st District Court had no jurisdiction to consider Juarez's bill of review.   If Juarez had appealed the 171st District Court's order denying his bill of review, we would have had no choice but to vacate the order and dismiss the cause for want of jurisdiction.

Juarez, however, is not appealing the 171st District Court's order; rather, he is appealing the 65th District Court's order denying his motion to reconsider the bill of review.   Although the 65th District signed this order, along with orders denying the original motion to reconsider and the bill of review, it did so relative to a petition that was filed in the 171st District Court and never transferred to the 65th District Court.   The document that Juarez filed in the 65th District Court in an attempt to invoke the trial court's jurisdiction was the motion to reconsider the order signed by the 171st District Court denying the bill of review.   As noted herein, a motion to reconsider is not a pleading or a substitute for a pleading and, as a result, is insufficient to invoke a trial court's jurisdiction.   Because there was no bill of review pending before the 65th District Court seeking to set aside the divorce decree, there was no live pleading to support any of the orders signed by the court, including the order denying the motion for new trial.   Simply put, the 65th District Court lacked jurisdiction to enter an order denying the motion for new trial.   Accordingly, the order is

7

void.

## CONCLUSION

Because we have no jurisdiction over the void order from which Juarez is appealing, we dismiss the appeal for want of jurisdiction.

July 18, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.