COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
  
  
 IN THE INTEREST OF J.J., J.J.,
 and J.J., CHILDREN
  
 
 
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 §
  
 §
 
 
  
  
  
 No. 08-11-00187-CV
  
 Appeal from the
  
 65th
 Judicial District Court 
  
 of El
 Paso County, Texas 
  
 (TC# 2009-5289)
  
 
 


 

 

O
P I N I O N

            In this family law case,
Jaime Juarez (“Juarez”) filed a bill of review in a trial court other than the
one that rendered the divorce decree he sought to set aside.  The trial court denied the bill of
review.  However, Juarez does not appeal the
trial court’s order denying his bill of review; rather, despite never having
filed the bill of review in the 65th District Court – the trial court that
rendered the divorce decree he sought to set aside – he appeals the 65th
District Court’s order denying his motion for new trial.  Concluding that the 65th District Court
lacked jurisdiction to render the order denying the motion for new trial, we
dismiss the appeal for want of jurisdiction. 


FACTUAL
AND PROCEDURAL BACKGROUND








            In the underlying action, on August 14, 2000,
Martha Juarez obtained a protective order from the 388th District Court
requiring Juarez, among other obligations, to pay child support.  Approximately three years later, on October 1,
2003, Martha Juarez filed for divorce in the 65th District Court.  In its temporary orders issued on December 5,
2003, the 65th District Court ordered Juarez to pay child support.  However, Juarez failed to make the child
support payments for which he was obligated under both the protective order and
the temporary orders.[1]  Accordingly, when the 65th District Court signed
the final divorce decree on November 21, 2008, it incorporated an arrearage
judgment against Juarez based on his failure to pay child support pursuant to these
orders, and increased the amount of the arrearage judgment from $8,064 to
$20,240.

On December 10, 2009, Juarez filed a bill of
review seeking to set aside the divorce decree. 
The district clerk filed the bill of review in the 171st District Court,
rather than in the 65th District Court – the trial court that
rendered the divorce decree.[2]  Although not contained in the record, the OAG
asserts in its brief that the 171st District Court signed an order dated August
25, 2010 denying the bill of review.[3]  On September 17, 2010, Juarez filed a motion
to reconsider the denial of the bill of review, but did so in the 65th District
Court, not in the 171st District Court – the trial court that denied the bill
of review.  Notwithstanding that there is
nothing in the record indicating that Juarez ever filed a bill of review in the
65th District Court, the court signed an order dated January 4, 2011 denying
the motion to reconsider and an order dated March 10, 2011 denying the bill of
review.  Thereafter, on April 6, 2011, Juarez
filed a motion for new trial in the 65th District Court, which signed
an order dated May 13, 2011, denying the motion.  On May 27, 2011, Juarez filed his notice of
appeal, seeking relief from the 65th District Court’s order denying his motion
for new trial.

LACK
OF JURISDICTION

In two issues, Juarez contends that the trial
court lacked the jurisdiction to incorporate the arrearage judgment into its divorce
decree not only because the arrearage judgment was based on a child support obligation
contained in a protective order issued by a different court, but also because
the protective order had long since expired. 
The OAG, on the other hand, argues that, notwithstanding Juarez’s notice
of appeal from the 65th District Court’s order denying his motion for new
trial, we lack jurisdiction because Juarez failed to file a timely notice of
appeal from the 171st District Court’s order denying his bill of review.

Standard
of Review

Initially, we must
determine whether we have jurisdiction to consider this appeal.  Because the question of jurisdiction is a
legal question, we review the trial court’s action under a de novo standard.  Mayhew v. Town of Sunnyvale, 964 S.W.2d
922, 928 (Tex. 1998).  If the trial court
had no jurisdiction to render the judgment or order being appealed, we have no
jurisdiction to consider an appeal of that judgment or order because our
jurisdiction extends no further than that of the court from which the appeal is
taken.  Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 938 (Tex. 1958); Nabejas v. Tex. Dep’t of Pub. Safety,
972 S.W.2d 875, 876 (Tex.App.--Corpus Christi 1998, no pet.), overruled, in part, on other grounds by
City of Elsa v. M.A.L., 226 S.W.3d
390, 392 (Tex. 2007).

Applicable Law

1.      
A
Live Pleading is Required to Invoke a Trial Court’s Jurisdiction

A trial court is without jurisdiction to
render a judgment or an order if no live pleading is pending urging a cause of
action from which a judgment or order could be taken.  Cunningham
v. Parkdale Bank, 660 S.W.2d 810, 812-13 (Tex. 1983); Couch Mortg. Co. v. Roberts, 544 S.W.2d 944, 947 (Tex.Civ.App.--Houston
[1st Dist.] 1976, writ dism’d).  A
purported judgment or order rendered in the absence of a pending live pleading
is void.  Cunningham, 660 S.W.2d. at 813;
Granado v. Madsen, 729 S.W.2d 866, 870 (Tex.App.--Houston [14th Dist.]
1987, writ ref’d. n.r.e.); Seber v.
Glass, 258 S.W.2d 122, 124 (Tex.Civ.App.--Fort Worth 1953, no writ).  A void judgment is a nullity and, as such,
has no binding force or effect, and thus may be attacked directly or
collaterally.  City of Lufkin v. McVicker, 510
S.W.2d 141, 144 (Tex.Civ.App.--Beaumont 1973, writ ref’d n.r.e.), citing S. Sur. Co. v. Tex. Oil Clearing House, 281 S.W.2d 1045, 1046
(Tex.Comm.App. 1926, jdgmt. adopted).  An
appeals court has no jurisdiction over a void judgment or order.  Nabejas,
972 S.W.2d at 876.

2.      
A Motion
to Reconsider is Not a Pleading and Thus Fails to Invoke a Trial Court’s Jurisdiction

 

By definition, a
pleading asserts a cause of action or denies the existence of one and demands
judgment for relief.  Tex.R.Civ.P. 45, 47.  A pleading thus determines the issues to be
tried.  Cunningham, 660 S.W.2d at 812; Erisman
v. Thompson, 140 Tex. 361, 167 S.W.2d 731, 733 (1943).  Because pleadings relate to the issues to be
tried, whether in support or opposition, they are distinguished “from papers
not pleading[s], such as motions . .
. .”  Brown
v. Peters, 127 Tex. 300, 303, 94 S.W.2d 129, 131 (Tex.Comm.App. 1936)[Emphasis
added].  By definition, a motion to
reconsider is a request for post-judgment relief.  Its applicability is therefore predicated upon
the existence of a judgment rendered by a court with jurisdiction over a cause
of action that forms the basis of the judgment and to which the movant was a
party.  See Benser v. Waterfall Crossing Condo. Ass’n, Inc., No.
05-10-00255-CV, 2011 WL 1348637 at *1-2 (Tex.App.--Dallas Apr. 11, 2011, no
pet.)(mem. op.)(holding that appellant who filed only one document in the trial
court, a motion to reconsider, could not use its denial as the basis to appeal
the trial court’s summary judgment order because he was not a party to the
petition forming the basis of the order). 
Accordingly, a motion to reconsider is not a pleading or a valid
substitute for one and is therefore insufficient to invoke a trial court’s
jurisdiction to render a judgment or an order from which an appeal can be taken.  See
In re Marriage of Wolff, 355
Ill.App.3d 403, 407, 822 N.E.2d 596, 602 (2005)(concluding that because a
motion to reconsider a judgment is not a pleading asserting a cause of action,
counterclaim, defense, or reply, but is rather an application to the court for
a ruling or an order in a pending case, the petitioner could not dismiss a
motion to reconsider judgment pursuant to the procedural vehicle permitting
dismissal of pleadings).

3.      
A Bill
of Review Must be Filed in the Court That Rendered the Judgment Sought to be
Set Aside

 

A bill of review
is a pleading seeking to set aside a judgment that is no longer appealable or
subject to motion for new trial.  Tex.R.Civ.P. 329b(f); Frost Nat. Bank v. Fernandez, 315 S.W.3d
494, 504 (Tex. 2010).  Although a bill of
review directly attacks a judgment rendered in a particular case, it is nonetheless
an independent, separate suit filed under a different cause number.  Tate v.
8301 Maryland, LLC, No. 03-05-00376-CV, 2006 WL 2452714, *2
(Tex.App.--Austin Aug. 25, 2006, pet. denied)(mem. op.); Richards v. Comm’n
for Lawyer Discipline, 81 S.W.3d 506, 508 (Tex.App.--Houston [1st Dist.]
2002, no pet.).  However, because of its
nature as a direct attack on a judgment previously rendered by a specific
court, a bill of review must be brought in that court, and only that court has
jurisdiction over the bill.  Frost Nat. Bank, 315 S.W.3d at 409; Richards,
81 S.W.3d at 508.  Because a judgment
under direct attack may only be corrected by the court that rendered it, or by
a higher court authorized to review the judgment on appeal or by writ of error,
another court of equal jurisdiction has no power to correct the judgment.  Solomon,
Lambert, Roth & Assoc., Inc. v. Kidd, 904 S.W.2d 896, 899-900 (Tex.App.--Houston
[1st Dist.] 1995, no writ).[4]

4.       A Court That Did Not Render the Original
Judgment Under Attack is Without Jurisdiction to Consider a Bill of Review
Filed on its Docket

 

This is not to say
that another court cannot consider a bill of review.  Once jurisdiction has attached in the proper
court, the bill of review may be transferred to another court, and the
transferee court has the authority to determine the merits of the bill of
review.  Outlaw v. Noland, 506
S.W.2d 734, 735 (Tex.Civ.App.--Houston [1st Dist.] 1974, writ ref’d n.r.e.); S.
Tex. Dev. Co. v. Martwick, 328 S.W.2d 230, 233 (Tex.Civ.App.--Waco 1959,
writ ref’d n.r.e.).  However, absent
attachment of jurisdiction in the proper court and a valid transfer, a court
that did not render the original judgment under attack is without subject
matter jurisdiction to consider a bill of review filed on its docket.  Richards,
81 S.W.3d at 508-09.  If a court is
without subject matter jurisdiction to consider a bill of review, we must
vacate that court’s judgment or order and dismiss the cause for want of
jurisdiction.  Richards, 81 S.W.3d at 508-09.

Discussion

Here, as noted
above, the court that rendered the divorce decree under attack was the 65th
District Court.  Therefore, the 65th
District Court was the court with exclusive jurisdiction over any attack on its
judgment by bill of review, and Juarez was required to have filed his bill of
review in that court.  However, as noted
above, Juarez filed the bill of review in the 171st District Court, and it was
the 171st District Court, not the 65th District Court, that denied his bill of
review.  The record does not indicate
that Juarez ever filed his bill of review in the 65th District Court and does
not contain either a motion requesting a transfer or an order transferring the bill
of review from the 65th District Court to the 171st District Court.  Because the 171st District court was not the
court that rendered the original judgment and the bill of review was not
transferred to the 171st District Court from the 65th District Court, the 171st
District Court had no jurisdiction to consider Juarez’s bill of review.  If Juarez had appealed the 171st District
Court’s order denying his bill of review, we would have had no choice but to vacate
the order and dismiss the cause for want of jurisdiction.

Juarez, however, is
not appealing the 171st District Court’s order; rather, he is appealing the 65th
District Court’s order denying his motion to reconsider the bill of review.  Although the 65th District signed this order,
along with orders denying the original motion to reconsider and the bill of
review, it did so relative to a petition that was filed in the 171st District
Court and never transferred to the 65th District Court.  The document that Juarez filed in the 65th
District Court in an attempt to invoke the trial court’s jurisdiction was the
motion to reconsider the order signed by the 171st District Court denying the
bill of review.  As noted herein, a
motion to reconsider is not a pleading or a substitute for a pleading and, as a
result, is insufficient to invoke a trial court’s jurisdiction.  Because there was no bill of review pending
before the 65th District Court seeking to set aside the divorce decree, there
was no live pleading to support any of the orders signed by the court,
including the order denying the motion for new trial.  Simply put, the 65th District Court lacked
jurisdiction to enter an order denying the motion for new trial.  Accordingly, the order is void. 

CONCLUSION

            Because we
have no jurisdiction over the void order from which Juarez is appealing, we
dismiss the appeal for want of jurisdiction.

 

 

July
18, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.











[1]
In his brief, Juarez states that Martha Juarez testified at the final hearing
that she only received from him one child support payment of $168.00.  Although Juarez cites to the reporter’s
record of the hearing in support of this factual assertion, Juarez failed to
file any reporter’s record on appeal. 
Because the OAG does not contradict this, or any other factual assertion
in Juarez’s brief, we accept it as true. 
See Tex.R.App.P. 38.1(g)(“In a civil case, the court will accept
as true the facts stated unless another party contradicts them.”).

 





[2]
On appeal, Juarez does not complain about the district clerk’s action.

 





[3]
Juarez does not discuss in his brief whether such an order exists, and he did
not file a reply brief disputing its existence. 
Because Juarez does not contradict the OAG’s assertion that the 171st
District Court signed an order dated August 25, 2010 denying Juarez’s bill of
review, we accept it as true.  See Tex.R.App.P.
38.1(g); Tex.R.App.P.
38.2(a)(1)(B)(“An appellee’s brief . . . need not include a . . . statement of
facts, unless the appellee is dissatisfied with that portion of the appellant’s
brief . . . .”).





[4]
If the judgment sought to be set aside is void, i.e., one rendered by a court without
jurisdiction, it is permissible to collaterally attack the judgment in another
court of equal jurisdiction.  Kidd, 904 S.W.2d at 900.  However, all errors other than jurisdictional
deficiencies render the judgment merely voidable, and such errors must be
corrected on direct, not collateral attack. 
Id.  Here, the bases for Juarez’s bill of review were
that the underlying divorce decree was rendered as a result of fraud and that
the arrearage amount was incorrect because it was not based on any evidence.  Because these alleged errors are not
jurisdictional in nature, they would render the judgment merely voidable, not
void.  Id.  Therefore, filing the
bill of review in the 171st District Court was an impermissible collateral attack
on the judgment rendered by the 65th District Court, which the 171st District
Court had no jurisdiction to consider.