# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Citibank, N.A. v. Monroe*, 2013 IL App (2d) 120593

---

| | |
|---|---|
| Appellate Court Caption | CITIBANK, N.A., as Trustee for American Home Mortgage Investment Trust 2004-3, Mortgage Backed Notes, Series 2004-3, Assignee of American Home Mortgage Acceptance, Inc., Plaintiff-Appellee, v. MARK W. MONROE and DESIREE MONROE, Defendants-Appellants (The United States of America, The State of Illinois, Tanglewood Hills Homeowner's Association, Nonrecord Claimants, Unknown Tenants, and Unknown Owners, Defendants). |
| District & No. | Second District<br>Docket No. 2-12-0593 |
| Filed | February 21, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Section 15-1508(b) of the Code of Civil Procedure, the provision of the mortgage foreclosure statute dealing with the confirmation of foreclosure sales, does not bar giving notice of a motion to confirm a sale before the sale has occurred, so long as the actual motion for confirmation is presented to the court after the sale. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 10-CH-2747; the Hon. Leonard Wojtecki, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Mark W. Monroe, of Law Offices of Mark W. Monroe LLC, of Wheaton, for appellants. |
| | |
| | Ira T. Nevel, of Law Offices of Ira T. Nevel, LLC, of Chicago, for appellee. |
| | |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices McLaren and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1      Mark W. Monroe and Desiree Monroe, the defendants in a foreclosure action as the mortgagor and the spouse of the mortgagor, appeal from an order confirming the sheriff's sale of the foreclosed property. They argue that "the trial court erred by proceeding with the confirmation of the Sheriff's Sale and entering the *** Order confirming the Sheriff's Sale when the notice to confirm the Sheriff's Sale was made before the sale." They assert that "[section] 15-1508(b) [of the Code of Civil Procedure (Code) (735 ILCS 5/15-1508(b) (West 2010)) (concerning confirmation of a sheriff's sale)] states that the motion and notice *** '***shall not** be made prior to sale.' " (Emphasis in original.) They misstate the section's requirement for notice. Section 15-1508(b) states, "Upon *motion and notice* in accordance with court rules applicable to motions generally, *which motion* shall not be made prior to sale, the court shall conduct a hearing to confirm the sale." (Emphases added.) 735 ILCS 5/15-1508(b) (West 2010). The Monroes do not explain why a mandate that the legislature specifically wrote to apply only to the motion should also apply to the notice. The section is clear in mandating only that the motion come after the sale. We therefore conclude that the trial court did not err and we affirm the confirmation of the sale.

¶ 2                     I. BACKGROUND

¶ 3      On June 11, 2010, plaintiff, Citibank, N.A., filed a foreclosure suit relating to the property at 2360 Kane Lane in Batavia. It named as defendants the mortgagor, Mark W. Monroe, his wife, Desiree Monroe, tax-lien holders the United States and the State of Illinois, the Tanglewood Hills Homeowners' Association, nonrecord claimants, unknown tenants, and unknown owners. The Monroes answered, disputing the accuracy of certain specifics, asserting a bankruptcy discharge as a defense against any *in personam* judgment, and demanding proof of all allegations. (Mark is an attorney, and he, or his office, filed an appearance for the two.) The United States also filed an answer.

¶ 4      Plaintiff filed an amended complaint on December 8, 2010. The Monroes again

answered, and plaintiff moved for summary judgment for foreclosure. The court granted summary judgment on January 18, 2012.

¶ 5   The sheriff's sale was scheduled for April 19, 2012. On March 26, 2012, plaintiff mailed all defendants a "Notice of Motion" that stated that, on April 30, 2012, plaintiff would appear and "move this honorable court to enter an order approving the April 19, 2012 sale and to grant an order for possession." Plaintiff filed this notice on March 27, 2012. The notice did not have an accompanying written motion. On April 30, 2012, the Monroes filed their "Objections to Notice of Confirmation of Sale." They noted that, under section 15-1508(b) of the Code, the motion to confirm a judicial sale "shall not be made prior to sale." 735 ILCS 5/15-1508(b) (West 2010). They stated:

"In addition to their [*sic*] being no motion seeking confirmation of the Sheriff's Sale, the March 26, 2012 Conformation [*sic*] of Sheriff's Sale Notice made **before** the April 19, 2012 Sheriff's Sale is directly contrary to 735 ILCS 5/15-1508(b), and therefore, is fatally defective." (Emphasis in original.)

The Monroes did not explain why the mandate of section 15-1508(b) ("[the] motion shall not be made prior to sale") also should apply to the notice of motion. They did not object to any aspect of the notice other than its coming before the sale, although they did, as quoted above, note that plaintiff did not include the motion with the notice.

¶ 6   Also on April 30, 2012, plaintiff filed a motion for confirmation of the sale. This had no associated service list; the sheriff's report of the sale was an attachment to the motion. The court confirmed the sale that day and the Monroes filed a notice of appeal on May 23, 2012. The Monroes did not include a transcript of the hearing in the record on appeal and did not include a substitute for such a transcript.

¶ 7                                    II. ANALYSIS

¶ 8   On appeal, the Monroes make the same argument that they made in their "Objections to Notice of Confirmation of Sale." That is, they assert that section 15-1508(b) has a "clear, unambiguous and mandatory requirement" that "the notice and motion to confirm 'shall not be made prior to' the Sheriff's Sale." See 735 ILCS 5/15-1508(b) (West 2010). They argue that the issue is one of statutory interpretation, so that our review is *de novo*.

¶ 9   Plaintiff responds that the Monroes "suggest *** [that] the scheduling of the Sheriff's Sale Confirmation equates to a motion presented to the Court." It argues that a "movant does not 'move' the Court until the movant presents the motion and asks for the Court to grant it when it is physically handed up and a request is made." It argues that the issue is one of whether the court should have confirmed the sale and that review should thus be for an abuse of discretion.

¶ 10   Because our analysis need go no further than the proper interpretation of section 15-1508(b), our review is *de novo*. See *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 50 ("The construction of a statute presents a question of law *** subject to *de novo* review."). We conclude that the section does not bar giving notice of a confirmation motion before the sale.

¶ 11    The argument made by the Monroes is patently incorrect. As we previously noted, section 15-1508(b) states, "Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale." 735 ILCS 5/15-1508(b) (West 2010). Had the legislature intended the requirement "shall not be made prior to sale" to apply to the notice as well as the motion, it could have said, "Upon motion and notice in accordance with court rules applicable to motions generally, which shall not be made prior to sale, the court shall conduct a hearing to confirm the sale." Instead, the legislature placed the word "motion" in the parenthetical clause, thereby producing a longer and more complicated sentence. However, by making the more complicated phrasing choice, the legislature clearly showed its intent that the "shall not be made prior to sale" clause should apply to the motion only. 735 ILCS 5/15-1508(b) (West 2010).

¶ 12    The Monroes' argument is also incorrect for essentially the reason that plaintiff states. "[A] 'motion' is *** 'an application to the court for a ruling or an order in a pending case.' " *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 206 (2010) (quoting *In re Marriage of Wolff*, 355 Ill. App. 3d 403, 407 (2005)). Plaintiff "made" its motion for confirmation on April 30, 2012, the day it filed the written motion and made its request to the court; this was, of course, after the sale.

¶ 13    The Monroes' sole challenge to the confirmation's validity is based on the claim that section 15-1508(b) required the confirmation motion's notice to postdate the sale. Their appeal thus fails with that claim.

¶ 14                                III. CONCLUSION

¶ 15    For the reasons stated, we affirm the confirmation of the sheriff's sale.

¶ 16    Affirmed.