NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231395-U

NOS. 4-23-1395 & 4-23-1396 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| CORTEZ J. BROWN, | ) | Nos. 13CF1228 |
| Defendant-Appellant. | ) | 13CF1229 |
| | ) | |
| | ) | Honorable |
| | ) | John T. Gibbons, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Cavanagh and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because the trial court lacked jurisdiction to address defendant's "Motion for Ineffective Plea Counsel," the appellate court affirmed the court's dismissal of the filing and granted the Office of the State Appellate Defender's motion to withdraw.

¶ 2    Defendant, Cortez J. Brown, appeals the dismissal of his September 2023 "Motion for Ineffective Plea Counsel," filed in Winnebago County case Nos. 13-CF-1228 and 13-CF-1229. Defendant filed notices of appeal in both cases. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant in both appeals. We consolidated the appeals, and OSAD has now moved to withdraw as counsel, arguing (1) the trial court lacked jurisdiction to address the motion and (2) the appeals raise no issue of arguable merit. Despite being given the opportunity, defendant has not filed a response to OSAD's motion. After reviewing the records, we hold the trial court lacked jurisdiction to address defendant's "Motion for Ineffective Plea

Counsel," affirm the dismissal, and grant OSAD's motion to withdraw.

¶ 3                                    I. BACKGROUND

¶ 4                              A. Defendant's Guilty Pleas

¶ 5            In November 2016, defendant entered partially negotiated guilty pleas to various offenses, including three counts of attempted first degree murder (720 ILCS 5/8-4(a), (c)(1)(B), 9-1(a)(1) (West 2012)), in case Nos. 13-CF-1228 and 13-CF-1129. In exchange for the pleas, the State agreed to an aggregate sentencing cap of 50 years' imprisonment in the two cases. In February 2017, the trial court sentenced defendant to an aggregate 42 years' imprisonment in the two cases. The court denied defendant's motion for reconsideration of his sentence. Defendant did not file a direct appeal.

¶ 6                        B. Defendant's Prior Postconviction Filings

¶ 7            In 2017 and 2018, defendant filed three petitions for relief under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). The trial court dismissed each of his petitions after defendant failed to respond to motions to dismiss or to quash service.

¶ 8            In 2021, defendant filed a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). This petition was 166 pages long and had a 323-page appendix. The trial court dismissed the petition as frivolous and patently without merit, and defendant appealed. On appeal, the Second District described defendant's claims as "based on the patently false legal theories of the 'Sovereign Citizen' movement and related groups" and other meritless "unconventional legal theories." *People v. Brown*, 2022 IL App (2d) 210077-U, ¶¶ 8, 20. It affirmed the dismissal. *Id.* ¶ 2.

¶ 9            On June 2, 2023, defendant filed a "Motion for Ineffective Plea Counsel" (the June Motion) in both cases. Broadly summarized, this filing stated counsel was ineffective for failing

to advise defendant of the charges to which he was entering a guilty plea. The June Motion did not request any relief other than requesting the trial court "grant this Motion." Defendant filed an apparent duplicate of the June Motion on June 22, 2023.

¶ 10　　　　On July 20, 2023, the trial court noted the filing of the June Motion but set the matter over. On August 10, 2023, the court ruled defendant had failed to set out a statutory basis for relief and dismissed the June Motion. The court noted it was declining to characterize the June Motion as a postconviction petition. The court entered a written order dismissing the June Motion the same day.

¶ 11　　　　Defendant filed a "Motion for Resentencing" on August 4, 2023, and a second similar motion (or correspondence relating to the June motion) on August 31, 2023. The trial court denied the motion or motions on September 7, 2023.

¶ 12　　　　　　C. The September "Motion for Ineffective Plea Counsel"

¶ 13　　　　On September 25, 2023, defendant filed a further "Motion for Ineffective Plea Counsel," (the September Motion) which appears to be a copy of the June Motion. The September Motion was accompanied by a letter in which defendant stated he had not received any order relating to the June Motion.

¶ 14　　　　The trial court addressed the September Motion on November 2, 2023. The State pointed out the motion was identical to the one dismissed by the court—with a different judge presiding—on August 10, 2023. The court agreed the September Motion duplicated the June Motion, noted it was declining to characterize the September Motion as a postconviction petition, and dismissed it. (The August 10, 2023, dismissal is not at issue in this appeal.) The court further cautioned defendant of potential sanctions for filing duplicate or frivolous motions. Also on November 2, 2023, the court entered a written order stating:

"The defendant fails to set [forth] a statutory basis for relief in his motion. The court dismisses the defendant's motion on that ground.

***

The court is not re-characterizing the defendant's 'Motion for Ineffective Plea Counsel' as a successive post-conviction petition; however, even if the defendant's 'Motion for Ineffective Plea Counsel' was an attempt to file a successive post-conviction petition, the defendant has not sought leave of court to file such a motion, nor had the court granted such leave."

¶ 15 Defendant filed notices of appeal under each case number.

¶ 16                                II. ANALYSIS

¶ 17 We consolidated the two appeals on OSAD's motion. OSAD thereafter filed a motion to withdraw as counsel and a supporting brief in compliance with *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD provided defendant a copy of its motion and supporting memorandum. This court granted defendant leave to file additional points and authorities on or before August 23, 2024. Defendant has not responded. We agree with OSAD's assessment the trial court lacked jurisdiction to address defendant's motion. Therefore, we affirm the dismissals and grant OSAD's motion to withdraw.

¶ 18 Whether we can consider the substantive merits of defendant's appeal rests on the trial court's jurisdiction to consider his motions. See *People v. Bailey*, 2014 IL 115459, ¶ 29. We acknowledge "where an appellate court lacks jurisdiction to consider the substantive merits of an appeal, it is not completely without jurisdiction but has [only] 'the authority conferred on it by law to review, recognize, and correct any action that exceeded the trial court's jurisdiction.' " *People v. Shunick*, 2024 IL 129244, ¶ 73 (quoting *Bailey*, 2014 IL 115459, ¶ 29).

¶ 19     Generally, "a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment." *Bailey*, 2024 IL 115459, ¶ 8. There are limited conditions under which a trial court may retain jurisdiction of a matter raised outside the 30-day window: (1) continuing jurisdiction to correct orders to conform to the judgment and to enforce certain judgments; (2) jurisdiction under the revestment doctrine; and (3) jurisdiction because a cognizable initial pleading has reestablished jurisdiction. Defendant's September Motion did not fall into any of these categories.

¶ 20     Trial courts possess jurisdiction beyond the 30-day window to enforce judgments and to correct "clerical errors or matters of form so that the record conform[s] to the judgment actually rendered." *People v. Flowers*, 208 Ill. 2d 291, 306-07 (2003). Defendant's motion did not seek enforcement or correction of a judgment, so the court's continuing jurisdiction did not apply.

¶ 21     Under the "revestment doctrine," in strictly limited circumstances, the parties can revest the court with jurisdiction. A trial court can be revested with jurisdiction to consider a motion filed after its jurisdiction has lapsed when three conditions apply: "*both* parties must: (1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; *and* (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment." (Emphases in original.) *Bailey*, 2014 IL 115459, ¶ 25. Here, among other things, the State did not assert a position inconsistent with the merits of the prior judgment, thus precluding jurisdiction under the revestment doctrine.

¶ 22     Finally, a defendant can reconfer jurisdiction by filing a pleading (or motion) seeking a recognized form of postconviction relief. The September Motion was not a recognized pleading or motion capable of reestablishing jurisdiction with the trial court.

¶ 23    First, the September Motion was neither a pleading nor a motion. Generally, a "motion is an application to the court for a ruling or an order in a pending case." *In re Marriage of Wolff*, 355 Ill. App. 3d 403, 407 (2005). "A pleading, in contrast, consists of a party's formal allegations of his claims or defenses." *Id.* Section 2-603 of the Code further defines a pleading as a "statement of the pleader's cause of action, counterclaim, defense, or reply." 735 ILCS 5/2-603(a) (West 2022). Defendant's prayer for relief only requested the trial court "grant this Motion." The September Motion did not otherwise request the court make any ruling, order, or other action in this case. Further, the September Motion, although it explained why defendant deemed himself to be aggrieved, did not attempt to link the grievance to a cause of action. In other words, it did not attempt to set out a "cause of action, counterclaim, defense, or reply." *Id.* The September Motion was, thus, not an initial pleading nor a motion for the court to consider.

¶ 24    Even ignoring defendant's failure to properly set out a claim, his September Motion was not a cognizable initial pleading capable of conferring jurisdiction on the trial court. The filing most closely resembled a petition under the Act, the usual vehicle for raising collateral ineffective-assistance claims. See, *e.g.*, *People v. Hodges*, 234 Ill. 2d 1, 17 (2009) (setting out the standards a postconviction petition claiming ineffective assistance of counsel must meet to avoid summary dismissal). Section 122-1(d) of the Act (725 ILCS 5/122-1(d) (West 2022)) provides, "A trial court that has received a petition *** that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under [the Act]." Here, defendant neither captioned his filing as a petition nor explicitly asked for relief under the Act. Thus, the court was not required to consider the September Motion as a petition under the Act.

¶ 25    The September Motion had some resemblance to a petition under section 2-1401 of

- 6 -

the Code. Section 2-1401 can be a vehicle for collateral attacks on convictions. *People v. Hubbard*, 2012 IL App (2d) 101158, ¶¶ 19-20. However, a section 2-1401 petition is not an appropriate vehicle for raising claims of ineffective assistance of counsel (*People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003)) and, in any event, defendant did not invoke section 2-1401 in his filing. Thus, the filing was not a section 2-1401 petition. The filing had even less resemblance to other recognized vehicles by which a defendant can reestablish jurisdiction, such as a motion for certain kinds forensic testing under section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2022)). As the September Motion was not cognizable as any recognized postconviction pleading, it did not reestablish jurisdiction in the court.

¶ 26    Defendant's filing of his September Motion did not create any of the circumstances in which a trial court may regain jurisdiction outside "the 30-day window following the entry of a final judgment" after which the court's general jurisdiction lapses. *Bailey*, 2014 IL 115459, ¶ 8. Therefore, we must conclude the trial court did not have jurisdiction to address the filing. As it did not have jurisdiction to review the September Motion, the trial court properly dismissed the filing.

¶ 27    As stated, where the trial court lacks jurisdiction to consider a filing, we in turn lack authority to address the substantive merits of the appeal. *Id.* ¶ 29. As we have already determined the trial court properly dismissed a filing it had no jurisdiction to review, our authority on appeal ends here. See *Shunick*, 2024 IL 129244, ¶ 73. We therefore grant OSAD's motion to withdraw on appeal without considering its discussion of the substantive merits of the case.

¶ 28                                III. CONCLUSION

¶ 29    For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 30    Affirmed.