2026 IL App (2d) 250511-U
No. 2-25-0511
Order filed April 8, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

HEATHER T., Petitioner-Appellant,

v.

NICHOLAS BENNETT, Respondent-Appellee.

Appeal from the Circuit Court of De Kalb County.
Honorable Stephanie P. Klein, Judge, Presiding.
No. 2017-F-94

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Kennedy and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Appellant has failed to provide a report of proceedings or a bystander's report for the hearing on appellee's "Petition to Allocate Parental Rights and Responsibilities." Without a sufficiently complete record on appeal, we will presume that the trial court's order was in conformity with the law and had a sufficient factual basis. Additionally, appellant has failed to support her remaining argument on appeal with citations to pertinent authority. Therefore, she has forfeited her argument that the trial court erred in denying her motion to reconsider because new email evidence was discovered that impeached the GAL.

¶ 2    Petitioner, Heather T., appeals from the trial court's judgment allocating parenting responsibilities and parenting time and its subsequent denial of her "Motion to Clarify and Reconsider." For the following reasons, we affirm the judgment of the De Kalb County trial court.

¶ 3                                    I. BACKGROUND

¶ 4     This matter concerns the parties' minor son, M.T., born July 25, 2015. On May 19, 2017, the Illinois Department of Healthcare and Family Services (hereinafter, "DHFS"), on behalf of Heather, filed a "Petition to Determine the Existence of the Father and Child Relationship" between M.T. and Respondent Nicholas Bennett. A judgment of parentage was entered on October 4, 2017, finding Nicholas to be the biological father of M.T. A temporary child support order was entered in January 2018. On May 2, 2018, the trial court issued a final judgment ordering Nicholas to pay child support to Heather.

¶ 5     Then, on July 11, 2019, M.T. was placed into Nicholas's custody by the Department of Children and Family Services (hereinafter, "DCFS") due to an ongoing investigation involving Heather and another one of her minor children. On July 29, 2019. Nicholas filed a "Motion to Terminate or Suspend Child Support." The trial court granted Nicholas' motion on August 7, 2019.

¶ 6     That same day, Nicholas filed a "Petition to Establish The Allocation of Parental Rights and Responsibilities", requesting that the trial court: (1) allocate a majority of parental rights and responsibilities to himself; (2) reserve child support issues to himself; (3) allocate primary decision-making authority for M.T.'s education and healthcare to himself; and (4) designate Nicholas as the "residential parent" for M.T.'s schooling purposes.

¶ 7     Between the time Nicholas filed his petition and when the hearing was conducted, several guardians *ad litem* (GAL) were appointed. The first GAL, appointed in September of 2021, was discharged in February of 2022. The second GAL, attorney Nina Cosentino, was appointed by the trial court on March 11, 2022.

¶ 8     The trial court conducted the hearing on Nicholas' petition over the spans of three dates: August 27, 2024; January 9, 2025; and February 10, 2025. The GAL testified on January 9, 2025.

Written closing arguments were filed for Nicholas on March 10, 2025, and Heather on March 11, 2025.

¶ 9     On April 21, 2025, the trial court issued its ruling on Nicholas's "Petition to Allocate Parental Rights and Responsibilities" holding: (1) that it was in the best interest of M.T. to leave significant decision-making responsibilities to Nicholas regarding M.T.'s education, health, religion, and extracurricular activities; and, (2) that the current parenting time schedule was to be maintained, with an increase of parenting time for Heather during summer breaks, as well as additional parenting time for Heather during extended weekend breaks not associated with the Holidays and seasonal school breaks. A separate parenting plan was filed and incorporated with the trial court's judgment.

¶ 10    On May 21, 2025, Heather's attorney filed a "Motion to Clarify and Reconsider" on her behalf. Her attorney then withdrew representation on June 25, 2025. In her "Motion to Clarify and Reconsider," Heather argued, *inter alia*, that the trial court failed to address testimony from both the GAL and Nicholas that he was not always forthcoming or responsive in communicating, when it was critical in its judgment of Heather's alleged failure to communicate with the GAL.

¶ 11    Nicholas filed a "Motion to Dismiss Or In The Alternative, Response To Motion To Clarify and Reconsider" on September 4, 2025. The hearing on Heather's motion was held on October 9, 2025. During the hearing on her motion, Heather presented several emails to the court, explaining they constituted new evidence that contradicted the GAL's January 9, 2025, testimony. The following conversation then occurred between Heather and the trial court:

> "THE COURT : So the new evidence… are emails that were between yourself and Ms. Cosentino [the GAL]?
>
> HEATHER: Yes.

THE COURT: Did those emails occur prior to the hearings?

HEATHER: They did."

¶ 12   The trial court noted that the standard for a motion to reconsider is that there must be evidence that was not available at the time the trial was held, that would have caused the trial court to enter a different judgment. It further held that because the emails were sent and discoverable prior to the GAL's testimony on January 9, 2025, they had been in Heather's possession and were accessible. Therefore, the emails did not constitute new evidence. The trial court concluded its decision was made in the best interest of M.T. and denied Heather's "Motion to Clarify and Reconsider."

¶ 13   Heather subsequently filed her timely notice of appeal on November 6, 2025.[1]

¶ 14                                II. ANALYSIS

¶ 15   This court has an independent duty to consider whether jurisdiction is proper. *Johnson v. Armstrong*, 2022 IL 127942, ¶ 18; *Barnai v. Wal-Mart Stores, Inc.*, 2023 IL App (1st) 220900, ¶ 13. In her opening brief, Heather has indicated that jurisdiction is proper under Illinois Supreme Court Rules 303 and 304(b)(3). Ill. S. Ct. R. 303 (eff. July 1, 2017); Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016). We note that Rule 304(b)(3) pertains to judgments and orders granting or denying relief pursuant to a section 2-1401 petition. Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016). This case does not involve such a matter, and therefore we disregard Heather's mention of this rule. We will, however,

---

[1]We note that pursuant to Illinois Supreme Court Rule 311(a)(5), "[e]xcept for good cause shown, the appellate court shall issue its decision within 150 days after the filing of the notice of appeal." Ill. S. Ct. R. 311(a)(5) (eff. July 1, 2018). This decision is filed after that 150-day deadline. However, appellant was granted two extensions of time to file her opening brief. Accordingly, we have good cause for issuing our decision after the 150-day deadline. See *In re B'Yata I.*, 2013 IL App (2d) 130558, ¶ 26.

consider if we have jurisdiction through another rule. See *In re Estate of O'Gara*, 2022 IL App (1st) 210709, ¶ 28. Here, jurisdiction is proper under Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016), which provides that orders involving custody or allocation of parental responsibilities are immediately appealable without special findings. Ill. S. Ct. R. 304(b)(6) (eff. Mar. 8, 2016). The notice of appeal must be filed with the clerk of the circuit court within 30 days after entry of the judgment appealed from. Ill. Sup. Ct. R. 303(a)(1) (eff. July 1, 2017). As Heather filed this appeal 27 days after the trial court gave its final ruling on the matter, we have jurisdiction to consider this appeal.

¶ 16    Having determined jurisdiction, we now turn to the merits of Heather's appeal. Nicholas argues that Heather's brief fails to comply with Illinois Supreme Rule 341. We agree. Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) provides the filing requirements for an appellant's brief. The Illinois Supreme Court Rules are not mere suggestions, but requirements for parties to consider when filing an appeal. *People v. Denzel W.*, 237 Ill. 2d 285, 294 (2010). A discussion of Heather's brief and the several Rule 341 issues within follows.

¶ 17    Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) requires an appellant's statement of facts to be "stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Heather's "facts" are not only argumentative but largely contain citations to what appear to be quotes from a transcript from the hearing on Nicholas's "Petition to Allocate Parental Rights and Responsibilities," and citations to the seven emails she has filed with this appeal. Neither of these were included in the record on appeal. Accordingly, we cannot consider them. See *Doria v. Village of Downers Grove*, 397 Ill. App. 3d 752, 755 ("[W]e may not consider as evidence any items that are not included in the record on appeal."). This leaves Heather's statement of the facts essentially non-existent.

¶ 18    Illinois Supreme Court Rule 341(h)(7) (eff. Oct 1, 2020) states an appellant's brief shall contain an argument section, which requires citation of the authorities and pages of the record relied on. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Heather's argument section begins with seven numbered paragraphs: (1) "[t]he trial court erred by relying on religious considerations and the GAL's mischaracterization of Plaintiff-Appellant's First Amendment Religious and Political beliefs in violation of 750 ILCS 5/600(I) as a clear restriction on Appellant's parenting time and decision-making authority, 750 ILCS 5/602.5, 750 ILCS 5/602.7 and U.S. Const. Amend I."; (2) "[t]he trial court improperly allowed political speech and online political content to influence the restriction of parental responsibilities in violation of U.S. Const. Amend I as a Penalty towards Appellant for Exercising Her Right to Criticize the Government on Social Media"; (3) "[t]he GAL's investigation failed to comply with 750 ILCS 5/600(i) 750 ILCS 5/506 and 750 ILCS 5/604.10 750 ILCS 5/602.5, and 750 ILCS 5/602.7 due to incomplete, selective, and biased inquiry"; (4) "[t]he GAL's inaccurate statements on the witness stand regarding 'big ticket' issues rendered her recommendation unreliable"; (5) "(Start by citing the statutes I listed, what they say, and cite the cases listed previously how the court ruled, and how that applies to the facts in this case); (6) [w]hether newly discovered email evidence directly impeaching the GAL required reconsideration under the standards of People v. Molstad, 101 Ill. 2d 128 and In re Marriage of Wolff, 355 Ill. App. 3d 403"; and (7) "[w]hether, under In re Marriage of Bates, 212 Ill. 2d 489 and the statutory framework, the trial court's reliance on unverified and biased GAL testimony violated Plaintiff-Appellant's due process rights."

¶ 19    Each of these paragraphs is poorly punctuated, difficult to understand, and has no citations to the common law record. Further, the citations to authority are provided generally with no specific argument, quotations, or even pinpoint citations. Under each paragraph, Heather has

included a parenthetical which states: "[s]tart by citing the statutes I listed, what they say, and cite the cases listed previously how the court ruled, and how that applies to the facts in this case." Whether this was a note Heather left for herself or instructions for her reader, we disregard these, as this court is not a depository where parties may dump the burden of researching and crafting their arguments. *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 39.

¶ 20 Heather's first, second, third, fourth, and seventh arguments involve the GAL's testimony from the hearing on Nicholas's "Petition to Allocate Parental Rights and Responsibilities," which occurred on August 27, 2024, January 9, 2025, and February 10, 2025. No transcript from that hearing has been included in the record on appeal. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-392 (1984). Without a transcript or bystander's report from the hearing, we must assume that the order was in conformity with the law and had a sufficient factual basis. *Id.*

¶ 21 Heather's fifth argument merely contains the following phrase: "(Start by citing the statutes I listed, what they say, and cite the cases listed previously how the court ruled, and how that applies to the facts in this case)." As this is not a substantive argument, we need not address it.

¶ 22 Heather's sixth argument is that newly discovered email evidence which directly impeached the GAL required the trial court to reconsider its judgment under the standards of *People v. Molstad*, 101 Ill. 2d 128, and *In re Marriage of Wolff*, 355 Ill. App. 3d 403. She does not expound on either of these cases. She then provides three paragraphs of further support. No citations to the record or authorities are provided in these paragraphs. Rather, Heather has included citations to the seven emails she presented as "new evidence" to the trial court in the hearing on

her "Motion to Reconsider and Clarify." *Supra* ¶ 11. All matters to be considered on appeal must be made part of the official court record, and documents to be included in the record of appeal may only consist of those which were filed in the case. *Dopp v. Village of Northbrook*, 196 Ill. Dec. 387, 257 (1993). This court cannot consider documents which were not previously admitted by the trial court. *Jill Knowles Enterprises, Inc. v. Dunkin*, 2017 IL App (2d) 160811, ¶ 24 (citing *People v. Blankenship* 406 Ill. App. 3d 578, 590 (2010)); *Rosenbaum-Golden v. Golden*, 381 Ill. App. 3d 65, 71 (2008). As these emails were not admitted by the trial court and are not part of the official record on appeal, we may not consider them. See *Doria*, 397 Ill. App. 3d at 755 ("[W]e may not consider as evidence any items that are not included in the record on appeal.").

¶ 23    A reviewing court is entitled to have issues clearly defined with "pertinent authority cited and cohesive arguments presented." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). It is not the responsibility of this court to serve as an advocate. *Id.* Therefore, mere contentions without argument or citation to authority, do not merit consideration on appeal. *Hall v. Naper Gold Hosp. LLC*, 2012 IL App (2d) 111151, ¶ 12. Heather cited only two cases in support of her sixth argument, but she did not explain *how* the cases supported her argument. As Heather has failed to meaningfully support her sixth argument with citations to pertinent authority or cohesive argument, she has forfeited her sixth argument on appeal. *Id.*

¶ 24    Notwithstanding forfeiture, we find Heather's sixth argument to be without merit. To justify setting aside an order based on newly discovered evidence:

> "(1) the party seeking to overturn the order must show due diligence in discovering the evidence; (2) the party must also show that he could not have produced the evidence at the first trial by exercising due diligence; (3) the party must demonstrate that the evidence is so conclusive that it would probably change the trial result; (4) the evidence must be

material and relate to the issues; and (5) the evidence cannot be merely cumulative or serve the sole purpose of impeachment." *In re Marriage of Wolff*, 355 Ill. App. 3d 403, 409-410. Here, the emails which Heather claims are newly discovered evidence were in her possession prior to the hearing. *Supra* ¶¶ 11-12. Had she exercised due diligence, she would have been able to produce the emails at the hearing. They were within her possession, and they existed prior to the date of the trial. Further, by Heather's own admission, the emails solely served the purpose of impeaching the GAL's testimony at the hearing. Accordingly, there is no justification to set aside the trial court's order based on the "newly-discovered" emails.

¶ 25    Although Heather is a self-represented litigant, we note that she is nonetheless required to follow our rules. *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38. Given that Heather has only recently started representing herself, we are electing to treat her violations as misfeasance rather than malfeasance. Nevertheless, we caution Heather that the failure to comply with appeal rules is not an inconsequential matter (see *Hall*, 2012 IL App (2d) 111151, ¶ 7), and that future leniency from this court should not be expected.

¶ 26                                 III. CONCLUSION

¶ 27    For the reasons stated, we affirm the judgment of the De Kalb County trial court.

¶ 28    Affirmed.