**GRANT in part; DISMISS and Opinion Filed January 12, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01084-CV**

**IN RE CYNTHIA BANIGAN, Relator**

**Original Proceeding from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-05910-2021**

## OPINION

Before Chief Justice Burns, Justice Partida-Kipness, and Justice Smith
Opinion by Justice Smith

Relator Cynthia Banigan (Wife) filed a petition for writ of mandamus seeking relief from (1) a 2015 declaratory judgment establishing that the parties' partition of community property agreement is valid and enforceable, and (2) an order referring to arbitration Wife's bill of review proceeding to set aside the declaratory judgment. Wife also filed an emergency motion to stay an order compelling arbitration in the bill of review proceeding. Because we conclude the declaratory judgment is void, we partially grant the writ instanter and vacate the declaratory judgment. We otherwise dismiss as moot the petition for writ of mandamus and emergency motion.

## Background

A.     Declaratory Judgment Regarding Partition Agreement

On October 14, 2015, real party in interest Michael Banigan (Husband) and Wife signed a Partition or Exchange Agreement, agreeing to divide their community property and recharacterize the divided community property as their respective separate property.  The parties also agreed to submit to binding arbitration "any dispute or controversy regarding the validity, interpretation, or enforceability of this agreement, as well as all issues involving its enforcement in connection with a dissolution proceeding between the parties as the sole and exclusive remedial proceeding."  The arbitration clause stated that "[e]ach party expressly waives any right to trial by a court or trial by jury," and that "[i]f a dissolution proceeding or declaratory judgment proceeding is filed in Texas, the arbitrator appointed under this agreement will simultaneously be designated as special master under the Texas Rules of Civil Procedure."

On the same day that they signed the partition agreement, Husband and Wife signed a waiver of disclosure of financial information executed in accordance with section 4.102 of the Texas Family Code.  In that waiver, they each agreed that they (1) were provided a fair and reasonable disclosure of the property and financial obligations, (2) did not desire a complete accounting of the property and financial obligations of the other spouse, and (3) waived the opportunity for further investigation.

Later that day, Husband filed a petition for declaratory judgment under the Uniform Declaratory Judgment Act, seeking to establish the validity and enforceability of the partition agreement. The proceeding was filed in the 417th Judicial District Court of Collin County. In her response to the petition, Wife simply confirmed the facts set forth in the petition and expressed her consent to the entry of orders declaring the validity of the partition agreement.

The declaratory judgment proceeding was heard by Judge Benjamin Smith of the 380th Judicial District Court, who was sitting for Judge Cynthia Wheless of the 417th Judicial District Court. At the hearing, Husband testified that he was of sound mind and body when he signed the partition agreement and disclosure agreement, both parties executed the documents voluntarily, he made a complete disclosure of his assets to Wife as much as he possibly could, he was comfortable with the disclosure that Wife had given him with respect to her assets, and he waived further disclosure of her assets in conjunction with the execution of the agreements. He also testified that he negotiated the partition agreement freely and willingly and was not under any duress. Wife testified that her responses were the same as Husband's responses.

After the hearing, Judge Smith issued a declaratory judgment granting Husband's request for relief. Judge Smith found that the partition agreement contained all the requisite terms and formalities to ensure enforceability; the agreement was unambiguous and expressed fully and completely the intent and

agreement of both parties; both parties acted willingly and freely in making the agreement; and neither Husband nor Wife negotiated or executed the agreement under duress, constraint, or compulsion of any kind whatsoever. Judge Smith accordingly ordered that the partition agreement was enforceable, valid and binding in its entirety.

B.      Divorce Action

On January 15, 2021, Husband filed a petition for divorce in the 468th Judicial District Court of Collin County. On May 25, 2021, Wife filed a counter-petition for divorce. Challenging the validity of the partition agreement, she complained that she did not voluntarily sign it and it was unconscionable.

On June 9, 2021, Husband filed a Motion for Appointment of Master in Chancery and For Referral to Arbitration. In his motion, Husband requested that the court appoint a special master and compel arbitration by enforcing the provision in the partition agreement requiring the parties to arbitrate certain disputes and utilize a special master in the event of a dissolution proceeding related to their marriage. On September 13, 2021, Husband filed a Supplemental Motion for Orders Regarding Appointment of Master in Chancery, Referral to Arbitration, and Abatement. Meanwhile, Wife filed a brief arguing that, under section 6.6015 of the Texas Family Code, the court was required to give her a trial on the issue of the enforceability of the arbitration provision in the partition agreement before referring the matter to arbitration.

On September 16, 2021, the court held a hearing on the motion to refer the action to arbitration. Wife argued that the court needed to determine the validity and enforceability of the agreement before compelling arbitration. Husband argued that family code section 6.6015 does not apply to court orders and agreements approved by the court. On September 28, 2021, the court signed an order granting the motion to refer the divorce action to arbitration. The court ordered that the pending dispute between Husband and Wife be arbitrated according to the terms and provisions of the partition agreement.

C.     Bill of Review Proceeding to Set Aside Declaratory Judgment

On October 25, 2021, Wife filed a petition for bill of review in the 429th Judicial District Court. She requested that the trial court set aside and vacate the declaratory judgment, arguing that the partition agreement was signed involuntarily and there was no existing justiciable claim or controversy when the trial court issued the declaratory judgment. On December 27, 2021, the bill of review suit was transferred to the 417th Judicial District Court (where the declaratory judgment was issued).

Meanwhile, Husband filed a motion for referral of the bill of review proceeding to arbitration. On October 11, 2022, Judge Cynthia Wheless signed an Order Compelling Arbitration and Appointing Arbitrator, which ordered arbitration for all matters filed in the trial court, subject to the arbitrator's "gateway"

–5–

determination regarding whether the declaratory judgment cause of action was arbitrable under the partition agreement.

### D.   This Original Proceeding

Wife filed this petition for writ of mandamus, arguing that (1) the declaratory judgment is void and (2) the trial court erred by referring the bill of review proceeding to arbitration. Husband filed a response to the petition, arguing that (1) Wife's adequate remedy by appeal precludes mandamus review, (2) the declaratory judgment is not void, (3) the trial court properly determined that the declaratory judgment is res judicata of Wife's attack, (4) Wife cannot establish procedural unconscionability, and (5) the trial court properly rejected Wife's argument that Husband waived arbitration by commencing the declaratory judgment action.

## Mandamus Standards

Ordinarily, to be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion and the relator lacks an adequate remedy by appeal. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig.

proceeding) (per curiam). A relator need not show that it does not have an adequate remedy by appeal when the complained-of order is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

## Declaratory Judgment

Wife asserts that the 2015 declaratory judgment is void because there was no existing justiciable controversy when the court issued it.[1] We agree.

The Uniform Declaratory Judgments Act (UDJA) allows a person interested under a written contract to have determined any question of construction or validity arising under the contract and obtain a declaration of "rights, status, or other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.003(a), 37.004(a). The UDJA, however, does not create or augment a trial court's subject matter jurisdiction—it is "merely a procedural device for deciding cases already within a court's jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). The requirement that a ripe, justiciable controversy exists applies to declaratory judgment actions. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 685 (Tex. 2020); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) ("[d]eclaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought"). If a justiciable controversy does not exist, the trial court lacks

---

[1] In his response, Husband claims that, in this mandamus proceeding, Wife challenges only the order compelling arbitration. Her petition for writ of mandamus, however, clearly challenges the declaratory judgment as well as the trial court order referring the bill of review to arbitration.

subject matter jurisdiction. *Transp. Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 227 (Tex. App.—Dallas 2012, no pet.).

"To constitute a justiciable controversy, there must exist a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute." *Beadle*, 907 S.W.2d at 467 (citations omitted). A justiciable controversy need not be a "fully ripened cause of action" to support a declaratory judgment proceeding. *Noell v. Air Park Homeowners Ass'n, Inc.*, 246 S.W.3d 827, 832 (Tex. App.—Dallas 2008, pet. denied) (citing *Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.)). But, to confer jurisdiction onto the court, the fact situation must manifest the "ripening seeds of a controversy" such that it indicates "threatened litigation in the immediate future which seems unavoidable." *Moore*, 985 S.W.2d at 153–54 (citation omitted). The UDJA does not give courts the power to rule on hypothetical situations or determine questions that are not essential to the decision of an actual controversy, even though the questions may require adjudication in the future. *Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968), *superseded on other grounds by constitutional amendment as recognized in Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997).

Here, the allegations and the evidence adduced at the hearing in the declaratory judgment proceeding do not show, as required, either a pending cause of action between the parties or a clear indication of the extent of the parties'

differences such that a court may presume one is imminent.  *See Noell*, 246 S.W.3d at 834–36.  To the contrary, in her response to Husband's petition for declaratory judgment, Wife expressly confirmed the facts set forth in the petition and consented to the entry of orders declaring the validity of the partition agreement.  At the hearing, she agreed with Husband's position entirely. Thus, because the declaratory judgment did not resolve any live controversy between the parties, we conclude that the trial court lacked subject matter jurisdiction to issue it.  *See, e.g.*, *id*. (trial court lacked subject matter jurisdiction where evidence showed only a theoretical dispute, rather than a real and substantial controversy or the ripening seeds of a controversy).

Husband nevertheless argues that the declaratory judgment's recital that the trial court possessed subject matter jurisdiction is preclusive.  Quoting from *Engelman Irrigation District v. Shields Bros., Inc.*, Husband asserts that, once a trial court determines it has subject matter jurisdiction, that determination "precludes the parties from litigating the question of the court's subject-matter jurisdiction in subsequent litigation."  514 S.W.3d 746, 752 (Tex. 2017).  In *Engelman*, however, the supreme court was quoting from Section 12 of the Second Restatement of Judgments to make certain observations about the modern trend favoring finality; the supreme court did not adopt the Restatement provision as law.  *See Harris Cty. Hosp. Dist. v. Pub. Util. Comm'n of Tex.*, 577 S.W.3d 370, 378 (Tex. App.—Austin 2019, pet. denied) (noting that the supreme court in *Engelman* did not rest its holding on Section 12 but instead merely acknowledged the modern trend favoring finality

and certainty). *Engelman* also addressed a different issue regarding the preclusive effect of sovereign immunity determinations. It is well-established Texas law that "[a] judgment rendered without subject-matter jurisdiction is void," *Engelman*, 514 S.W.3d at 750, and we may examine the record to determine if subject matter jurisdiction is negated in spite of recitals in the judgment. *See In re D.L.S.*, No. 05-08-00173-CV, 2009 WL 1875579, at *3 n.2 (Tex. App.—Dallas July 1, 2009, no pet.) (mem. op.) (citing *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam)).

Husband next argues that Wife's agreement to the declaratory judgment estops her from attacking it now. We conclude this argument lacks merit, too, because a party cannot by its own conduct confer jurisdiction on a court when none exists. *Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294–95 (Tex. 2001) (per curiam). Indeed, it is well-established that subject matter jurisdiction cannot be waived or conferred by consent, estoppel, or agreement. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (citing *Fed. Underwriters Exch. v. Pugh*, 174 S.W.2d 598, 600 (Tex. 1943)).

Husband also contends that Wife lacks any affirmative evidence disproving the existence of a controversy or dispute between the parties when Husband filed his petition for declaratory judgment. The absence of any allegations or evidence demonstrating the existence of a justiciable controversy, however, is a sufficient basis upon which to conclude that an order is void. *See City of El Paso v. Arditti*,

378 S.W.3d 661, 665 (Tex. App.—El Paso 2012, no pet.) (declaring order void for lack of subject matter jurisdiction based on the absence of evidence in the record showing that any of the municipal court judge appellees had before him or her any party having standing to bring suit, a live controversy existing between parties, and a case that was justiciable).

This Court must construe the petition in favor of the pleader and, if necessary, review the entire record to determine if any evidence supports the trial court's jurisdiction to hear the case. *See Tex. Ass'n of Bus*., 852 S.W.2d at 446. Because the allegations and the evidence adduced at the hearing in the declaratory judgment proceeding do not show either a pending cause of action between the parties or a clear indication of the extent of the parties' differences such that a trial court may presume one is imminent, we conclude the declaratory judgment is void.

The declaratory judgment was issued by Judge Smith, who was sitting by assignment for Judge Wheless and is no longer participating in the case. Under these circumstances, we normally abate the mandamus proceeding to allow the successor judge to reconsider the ruling. *See In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding); TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). However, because we have concluded that the declaratory judgment is void, there is no decision for Judge

Wheless to reconsider and abatement is unnecessary.[2]  *See In re Ortega*, No. 05-18-01499-CV, 2019 WL 244556, at *3 n.2 (Tex. App.—Dallas Jan. 17, 2019, orig. proceeding) (mem. op.).  Accordingly, we order a writ of mandamus issue instanter and vacate the declaratory judgment as void.  *See id*. at *3.

### Referral of Bill of Review Proceeding to Arbitration

In her remaining issue, Wife asserts the trial court's referral of the bill of review proceeding to arbitration is an abuse of discretion and requests that this Court grant a writ of mandamus to correct it.[3]  In her petition for bill of review, Wife requested that the trial court set aside and vacate the declaratory judgment.  Because this Court now vacates the declaratory judgment, Wife has obtained the relief sought in the bill of review proceeding, rendering moot the related issue of whether the trial court abused its discretion by referring that proceeding to arbitration.  *See generally In re Tex. State Univ.*, No. 03-19-00364-CV, 2019 WL 2707971, at *1 (Tex. App.—Austin June 27, 2019, orig. proceeding) (mem. op.); *In re Int'l Agencies Co., Ltd.*, No. 01-16-00383-CV, 2016 WL 6462199, at *1 (Tex. App.—Houston [1st Dist.] Nov. 1, 2016, orig. proceeding) (per curiam) (mem. op.) (dismissing mandamus

---

[2] Judge Wheless presently presides over the bill of review proceeding, but it is separate from the declaratory judgment proceeding.  *See Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (per curiam) ("[A] bill of review is a separate proceeding from the underlying suit . . ."); *In re J.J.*, 394 S.W.3d 76, 81 (Tex. App.—El Paso 2012, no pet.) ("Although a bill of review directly attacks a judgment rendered in a particular case, it is nonetheless an independent, separate suit filed under a different cause number.").

[3] Although the court presiding over the divorce action also entered an order compelling arbitration, Wife's mandamus petition challenges only Judge Wheless's October 11, 2022 order compelling arbitration in the bill of review proceeding.

petition as moot after relator received relief requested).  Accordingly, we dismiss as moot the remaining portion of Wife's mandamus petition seeking relief with respect to the trial court's order compelling arbitration in the bill of review proceeding.  We also dismiss as moot Wife's emergency motion to stay that order.

## Conclusion

Having concluded the declaratory judgment is void for lack of subject-matter jurisdiction, we partially grant Wife's petition and order that a writ of mandamus issue instanter vacating the trial court's October 16, 2015 declaratory judgment as void.  We order the remaining portion of Wife's mandamus petition and Wife's emergency motion to stay the trial court's October 11, 2022 order compelling arbitration in the bill of review proceeding dismissed as moot.

/Craig Smith/
CRAIG SMITH
JUSTICE

221084F.P05

–13–